IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

EDWIN MACK TAYLOR,

    Plaintiff,

v.                              Case No. 2:11-cv-00027

COMMISSIONER JAMES RUBENSTEIN,
WARDEN DAVID BALLARD,
ASSOCIATE WARDEN OF PROGRAMS JASON COLLINS,
and CAPTAIN JAMES McCLOUD,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the defendants' Motion to Dismiss (ECF No. 15), filed on February 1, 2011. This matter is assigned to the Honorable Joseph R. Goodwin, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The plaintiff filed a Complaint, pursuant to 42 U.S.C. § 1983, on January 12, 2011 (ECF No. 1), alleging that he was improperly disciplined for an institutional rule violation at the Mount Olive Correctional Complex ("MOCC"), in violation of his due process rights. (ECF No. 6 at 4-9). Specifically, the plaintiff alleges that he was not advanced from level three of the Quality of Life

Program at MOCC, due to a mistake by the educational department. The plaintiff further asserts that, while at level three, he was forced to defend himself in an altercation with another inmate, which resulted in his being charged with a disciplinary rule violation, to which he pled guilty.

As part of his punishment for the rule violation, the plaintiff was dropped back to level one of the Quality of Life Program and must complete the program anew. He asserts that it "is like being given almost two years punishment for a fight when in general population even with an inmate getting injured the punishment is only thirty days lockup . . . ." (Id. at 10-11).

The plaintiff contends that, both the mistake in not moving him to level four of the program, and then dropping him back to level one, violated his due process rights and is a punishment that is disproportionate to his violation. (Id. at 11). He requests that the court order the defendants to "stop issuing such severe punishments" to inmates in the Quality of Life Program, and to allow him to return to level four of the program. (Id. at 11-12). The plaintiff also requests to be transferred to a less secure prison. (Id. at 12).

The plaintiff further alleges that he appealed his guilty verdicts and placement on administrative segregation to Warden David Ballard and Commissioner Jim Rubenstein, but the appeals were denied.

On February 2, 2011, the defendants, by counsel, filed a Waiver of Reply and Alternative Motion to Dismiss (ECF No. 15) and a Memorandum of Law in support thereof (ECF No. 16).[1] The defendants' motion asserts that the plaintiff's Complaint fails to state a claim upon which relief can be granted because the plaintiff cannot state a valid due process claim and is not entitled to prospective relief under 18 U.S.C. § 3626. (ECF No. 15 at 1). The plaintiff filed a response to the motion on March 1, 2011. (ECF No. 19). The defendants did not file a reply. The matter is ripe for determination.

## STANDARD OF REVIEW

A complaint should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp v. Twombly, 127 S. Ct. 1955, 1968-69 (2007). While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. at 1964-65.

---

[1] Plaintiff's Complaint also named Kathryn Toler and Denver Baker, teachers in the Quality of Life Program, as defendants. However, those defendants were voluntarily dismissed on March 4, 2011. (ECF No. 21)

3

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints.

## ANALYSIS

The plaintiff's Complaint is a § 1983 action that seeks only injunctive relief for an alleged violation of his due process rights. He requests to be returned to level four of the Quality of Life Program, and to be transferred to a lower security facility. The Supreme Court, in Sandin v. Conner, 515 U.S. 472, 483-84 (1995), recognized that

> States may under certain circumstances create liberty interests which are protected by the Due Process Clause. [Citation omitted.] But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Claus of its own force, [citations omitted], nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

The Court noted that "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Id. at 485 (quoting Price v. Johnston, 334 U.S. 266, 285 (1948)).

> We hold that Conner's discipline in segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest. The record shows that, at the time of Conner's punishment, disciplinary segregation, with insignificant exceptions, mirrored those conditions imposed upon inmates in administrative segregation and protective custody. * * * Thus, Conner's

4

>confinement did not exceed similar, but totally discretionary confinement in either duration or degree of restriction. * * * Based on a comparison between inmates inside and outside disciplinary segregation, the State's actions in placing him there for 30 days did not work a major disruption in his environment.

Id., at 486. The Court rejected the position that any state action taken for a punitive reason encroaches upon a liberty interest under the Due Process Clause even in the absence of any state regulation. Id. at 484.

The defendants' Memorandum in Support of their Motion to Dismiss states the facts of this case as follows:

>The plaintiff is administratively segregated subject to completion of the Quality of Life Program. (Document 1 at p. 9 and Exhibit 1). The Quality of Life Program is a 5 level stratified program that rewards prisoners administratively segregated with increasing privileges for successful completion and good behavior. (Exhibit 1). By contrast i[t] provides disincentive to inmates who continue to violate the rules [] though [sic;] through the requirement of requiring inmates to repeat all or portions of the program after rules violations or poor behavior. (Id.)
>
>In October 2010, the plaintiff was involved in an altercation with another inmate. (Exhibit 2). This resulted in the plaintiff being issued rule violation number MOC-10-758-G, to which he entered a plea of guilty. (Exhibit 3). The plaintiff received 30 days punitive segregation and 30 days lost privileges. (Id.) After the plaintiff's punitive segregation time concluded he reverted back to the initial level of the Quality of Life Program. (Exhibit 1 at p.9).

(ECF No. 16 at 1-2).

The defendants' Memorandum asserts that Plaintiff's reduction in level of the Quality of Life ("QOL") program does not implicate a federal right. The Memorandum states:

5

> Whether disciplinary or administrative in nature, segregation of a prisoner invokes no due process concern. Sandin v. Connor, 515 U.S. 472 (1995). Segregation of inmates does not implicate federally protected constitutional rights. See Assann-Ra v. Commonwealth of Virginia et al., 112 F. Supp.2d 559, 574 (W.D. Va. 2000). "Placement in segregation, periodic loss of privileges, and referral to ICA, without a hearing, do not implicate any federal due process right, as these conditions are not a dramatic departure from the conditions of ordinary prison life." Id. citing Sandin, 515 U.S. at 483. * * *
>
> Consequently, the plaintiff suffered no violation of a constitutional right, as there is no liberty interest affected. Segregation is neither an atypical or significant hardship as a matter of law. As such, there can be no prospective relief issued as a result of his level reduction in the [QOL] Program. Instead, his remedy lies in remaining out of trouble and otherwise complying with the rules and program objectives.

(Id. at 4-5).

The defendants further assert that this court cannot order that Plaintiff be transferred. "It is abundantly clear that a prisoner has no constitutional right to select a particular correctional facility for his placement or to be transferred to a different facility upon request." Newbold v. Stansberry, No. 1:08cv1266, 2009 WL 86740 (E.D. Va. January 12, 2009), citing Olim v. Wakinekona, 461 U.S. 238, 103 S. Ct. 1741, 75 L. Ed.2d 813 (1983); Meachum v. Fano, 427 U.S. 215, 96 S. Ct. 2532, 49 L. Ed.2d 451 (1976). (Id. at 5). Thus, the defendants' assert that the plaintiff's request for prospective relief to be moved to another facility must be dismissed. (Id.)

The plaintiff's Response to the Motion to Dismiss asserts that being forced to begin the QOL Program all over again is excessive

punishment because he had been write-up free and had good behavior for the prior months. (ECF No. 19 at 1). The plaintiff further contends that being forced to begin the QOL Program over again is an atypical and significant hardship because inmates in the general population would only receive 30 days in lock-up for similar conduct. He further contends that it is an atypical and significant hardship because, until level four of the QOL Program is reached, an inmate must be placed in handcuffs and leg restraints at all times that he is out of his cell, even to be escorted to the shower or the recreation yard. (Id. at 2). The plaintiff contends that the handcuffs and leg restraints give him cuts and "cause extreme pain for days, weeks and even months . . ." (Id.)

The plaintiff places strong emphasis on the fact that he was write-up free for 18 months prior to this altercation, and that he had achieved level three, and would have been at level four, but for a mistake by the education department in his records, and could have been moved to a less secure facility as a result. (Id. at 3). He requests that the defendants' motion be denied, that the case be permitted to move forward into discovery, and that he be granted the requested prospective relief. (Id. at 3-4).

The plaintiff's allegations fail to meet the standard set by the Supreme Court in Sandin v. Conner, 515 U.S. 472 (1995), which held that liberty interests protected by the Due Process Clause

7

"will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484 (internal citations omitted).  The undersigned proposes that the presiding District Judge **FIND** that the plaintiff's allegations that he is being forced to repeat the QOL Program do not rise to the level of an atypical or significant hardship in relation to ordinary prison life.  The undersigned further proposes that the presiding District Judge **FIND** that the plaintiff has no constitutional right to be housed in any particular facility or the right to be transferred to another facility under the circumstances alleged.

Accordingly, the undersigned further proposes that the presiding District Judge **FIND** that the plaintiff's Complaint fails to state a claim upon which relief can be granted against the defendants.  Thus, it is respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the defendants' Motion to Dismiss (ECF No. 15) and dismiss this civil action from the docket of the court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c).

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the

Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections), and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties and Chief Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and counsel of record.

April 29, 2011
Date

Mary E. Stanley
United States Magistrate Judge