# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

EDWIN MACK TAYLOR,

                Plaintiff,

v.                                     CIVIL ACTION NO.  2:11-cv-00027

COMMISSIONER JAMES RUBENSTEIN, et al.,

                Defendants.

### MEMORANDUM OPINION & ORDER

## I.    Introduction

Pending before the court is the defendants' Waiver of Reply and Alternative Motion to Dismiss [Docket 15], filed on February 1, 2011.  The defendants assert that the plaintiff's Complaint fails to state a claim upon which relief can be granted because the plaintiff cannot state a valid due process claim and is not entitled to prospective relief under 18 U.S.C. § 3626.  The plaintiff responded on March 1, 2011 in opposition to the motion, and the defendants did not reply.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and a Standing Order, this civil case, including the above motion, was referred to the Honorable Mary E. Stanley, United States Magistrate Judge, for proposed findings of fact and recommendations for disposition. On April 29, 2011, the Magistrate Judge submitted proposed findings and made various recommendations. On May 10, 2011, the plaintiff filed timely objections to the proposed findings and recommendations ("PF&R").

The court has reviewed *de novo* those portions of the PF&R to which the plaintiff objects. For reasons set forth below, the court **ADOPTS** the Magistrate Judge's proposed findings. The

defendants' motion to dismiss [Docket 15] is **GRANTED**.  The court **DISMISSES** the plaintiff's

claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915A and

42 U.S.C. § 1997e(c).

## II.    Background

The factual background for this case was adequately set forth in the PF&R. For the sake of

context, the court will incorporate pages 1 through 3 of the PF&R:

The plaintiff filed a Complaint, pursuant to 42 U.S.C. § 1983, on January 12, 2011 (ECF No.

1), alleging that he was improperly disciplined for an institutional rule violation at the Mount Olive

Correctional Complex ("MOCC"), in violation of his due process rights.  (ECF No. [1] at 4-9).

Specifically, the plaintiff alleges that he was not advanced from level three of the Quality of Life

Program at MOCC, due to a mistake by the educational department.  The plaintiff further asserts

that, while at level three, he was forced to defend himself in an altercation with another inmate,

which resulted in his being charged with a disciplinary rule violation, to which he pled guilty.

As part of his punishment for the rule violation, the plaintiff was dropped back to level one

of the Quality of Life Program and must complete the program anew.  He asserts that it "is like being

given almost two years punishment for a fight when in general population even with an inmate

getting injured the punishment is only thirty days lockup . . . ." (Id. at 10-11).

The plaintiff contends that, both the mistake in not moving him to level four of the program,

and then dropping him back to level one, violated his due process rights and is a punishment that

is disproportionate to his violation.  (Id. at 11).  He requests that the court order the defendants to

"stop issuing such severe punishments" to inmates in the Quality of Life Program, and to allow him

to return to level four of the program.  (Id. at 11-12).  The plaintiff also requests to be transferred to a less secure prison. (Id. at 12).

The plaintiff further alleges that he appealed his guilty verdicts and placement on administrative segregation to Warden David Ballard and Commissioner Jim Rubenstein, but the appeals were denied.

## III.    Analysis

The essence of the plaintiff's Complaint is that the alleged mistake in not moving him to level four of the QOL program, and then dropping him back to level one after he pled guilty to a rule violation, violated his due process rights and is a punishment that is disproportionate to his violation. He seeks injunctive relief reinstating him to level four of the QOL program, and transfer to a different institution.  The defendants assert that the plaintiff has failed to state a claim for relief, citing the precedent set by the United States Supreme Court in *Sandin v. Conner*, 515 U.S. 472, 483-84 (1995), which recognized that

> [s]tates may under certain circumstances create liberty interests which are protected by the Due Process Clause. [Citations omitted.]  But these interests will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, [citations omitted], nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

There, the Court held that segregated confinement of an inmate "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id.* at 486.  The Court rejected the argument, raised by the plaintiff, that any state action taken for a punitive reason against a prisoner already in custody will encroach on a liberty interest and support a claim under the Due Process clause.  *Id.* at 484.

The defendants do not dispute the relevant facts of the plaintiff's Complaint, which are that he was punished for the altercation with a fellow inmate with a period of punitive segregation and lost privileges, and that the punishment was followed by a reversion to level one of the QOL program. (Mem. Supp. Defs.' Mot. Dismiss, at 1-2.)  Instead, citing *Sandin*,  the defendants assert that the plaintiff's segregation and QOL level reduction do not implicate the Due Process clause, and thus, must be dismissed for failure to state a claim upon which relief can be granted.  Further, they assert that prisoners have no constitutional right to select a particular facility, and that his request to be transferred must be similarly dismissed.  In response, the plaintiff asserts that both his punishment and the reduction in QOL level are atypical and significant hardships, and that the handcuffs and leg restraints he must wear outside of his cell cause him hardship and injury.  He specifically requests that he be permitted time for discovery and that he be granted the requested prospective relief.  (Plf.'s Resp. Opp. Mot. Dismiss, at 1-4.)

Magistrate Judge Stanley's PF&R found that the "plaintiff's allegations fail to meet the standard set by the Supreme Court in *Sandin v. Conner*, 515 U.S. 472 (1995), which held that liberty interests protected by the Due Process Clause 'will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" (PF&R, at 8.)  She proposed that this court find that (1) the allegations that he is being forced to repeat the QOL program do not rise to the level of an atypical or significant hardship in relation to ordinary prison life, and (2) the plaintiff has no constitutional right to be housed in any particular facility or the right to be transferred under the circumstances alleged.

-4-

The plaintiff filed his response to the PF&R, essentially reasserting the allegations raised by his Complaint, and his response to the Motion to Dismiss.  He renews his request that the court should grant him the right to pursue discovery in support of his claims, and further asserts that prison administrators have failed to allow him legal assistance from inside and outside the prison.  Even construing his objections liberally, the plaintiff fails to address any of the legal conclusions of the PF&R, nor does he challenge its recitation of the relevant facts.

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading.  *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).  Federal Rule of Civil Procedure 8 requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8.  As the Supreme Court recently reiterated in *Ashcroft v. Iqbal*, that standard "does not require 'detailed factual allegations' but 'it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "[A] plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986) for the proposition that "on a motion to dismiss, courts 'are not bound to accept as true a legal conclusion couched as a factual allegation'").  *Pro se* complaints are held to less stringent standards, and the court must liberally construe such complaints.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978).  The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dept. Social Servs*., 901 F.2d 387, 389 (4th Cir.1990).  In this case, the court cannot ignore the

plaintiff's clear failure in the Complaint, Response to the Motion to Dismiss and Objections to the PF&R to allege facts which set forth a claim cognizable in a federal district court. *Id.* Accordingly, his objections are overruled.

## IV. Conclusion

The defendants' motion to dismiss [Docket 15] is **GRANTED**. The court accepts and incorporates herein the findings and recommendation of the Magistrate Judge and orders judgment consistent with the findings and recommendations. The court **DISMISSES** the plaintiff's Complaint [Docket 1] with prejudice, and **DIRECTS** this action to be removed from the docket.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:        June 7, 2011

Joseph R. Goodwin, Chief Judge